IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EUGENIA WOODS,**

    *Plaintiff*,

v.                                  Case No.: 4:19cv356-MW/MAF

**FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND
MOTOR VEHICLES, et al.,**

    *Defendants*.

_____/

**ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT IN PART, DENYING IN PART,
AND TAKING UNDER ADVISEMENT IN PART**

      This is an action brought under 42 U.S.C. section 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution, and the common law of Florida. Plaintiff Eugenia Woods sues defendants Officer Swindle, a highway patrolman, in his individual capacity and his employer Florida Department of Highway Safety and Motor Vehicles ("FDHSMV") for false arrest and injuries sustained following her arrest. ECF No. 12. Plaintiff also sues defendants Walt McNeil, in his official capacity as Sheriff in Leon County, Florida, and Corizon Health, Inc., the health services provider for the Leon County Jail ("LCJ"), for failing to treat injuries she sustained during her arrest. *Id.* This court considered, at a hearing on October 4,

1

2021, Defendants' motions for summary judgment, ECF Nos. 80, 82 & 83, Plaintiff's responses, ECF Nos. 87, 88 & 89, Defendants' replies, ECF Nos. 94 & 95, and all attached exhibits. For the reasons stated on the record and summarized below, these motions are **GRANTED IN PART, DENIED IN PART, AND TAKEN UNDER ADVISEMENT IN PART**.

As to Count I, summary judgment is **GRANTED**. Considering the facts in the light most favorable to Plaintiff, as this Court must, Officer Swindle is entitled to immunity under 768.28(9)(a). The bad outcome of a non-compound fracture and the inference that he was agitated after a twenty-minute-chase, without more, are insufficient for a reasonable jury to find he acted with malicious purpose.[1]

As to Count II, summary judgment is **DENIED**. Considering the facts in the light most favorable to Plaintiff, as this Court must, a reasonable jury could find that Officer Swindle did not use reasonable force considering Plaintiff had come to a

---

[1] Moreover, as this Court noted on the record, Plaintiff offered no evidence that Officer Swindle was angry during the arrest. For example, if Plaintiff offered evidence that Officer Swindle was yanking her out of the car when she was stuck, pulled her out despite complaints that she was hurt, was yelling, red in the face, or said something incendiary, malicious purpose would be a jury question. The only fact offered, that Officer Swindle became angry *after* drug and alcohol tests came back negative while at the police station, undercuts the inference that Officer Swindle was angry during the arrest. ECF No. 84-2 at 74-75.

complete stop and was attempting to comply with officers' directives. In so stating, this is an incredibly close call.[2]

As to the excessive force claims in Count V, summary judgment is **GRANTED**. Considering the facts in the light most favorable to Plaintiff, as this Court must, Officer Swindle is entitled to qualified immunity. There is no clearly established law to put Officer Swindle on notice that after a twenty-minute car chase, grabbing a suspect by the bicep, after she had been unbuckled, and pulling her out of the car to prevent her from driving away, would amount to a constitutional violation.

As to the false arrest claims in Counts III, IV, and V, summary judgment is **GRANTED**. Separate and apart from the fact that Plaintiff conceded summary judgment should be granted on these claims, the fact that Plaintiff plead *nolo contendere* to eluding an officer is definitive proof that the officers had probable cause, and probable cause is a total defense to false arrest claims.

As to Count VII, summary judgment is **GRANTED**. Separate and apart from the fact that Plaintiff conceded this claim, some evidence, other than the bad result of the arrest, must exist on the record from which a reasonable jury could conclude that FDHSMV negligently trained and supervised its officers.

---

[2] It is an incredibly close call whether a reasonable jury could find Officer Swindle did not use reasonable force given the context of the arrest. This further buttresses this Courts grant of qualified immunity in Count V, for excessive force.

As to Counts VIII and XI, summary judgment is **DENIED**. Defendant Sheriff McNeil remains liable for any constitutional deprivations caused by the policies and customs of Corizon. When Plaintiff complained to the nurse of pain, the nurse was the final policymaking authority regarding healthcare for people in the jail for both Corizon and Sheriff McNeil. Considering the facts in the light most favorable to Plaintiff, as this Court must, a reasonable jury could find deliberately indifference to Plaintiff's serious medical needs.

As to Counts VI, IX, XII, and XIII this Court has **TAKEN THESE COUNTS UNDER ADVISEMENT**. Plaintiff has until October 18, 2021 to file supplement briefings. Defendants will have until November 1, 2021 to respond.

Count X was abandoned by Plaintiff. After the Court granted a motion to dismiss, Plaintiff was given the opportunity to replead, but she chose not to file a second amended complaint. ECF No. 30.

This Court does *not* direct entry of judgment on the issues decided in this Order under Rule 54(b).

This Court will reset the matter for trial once it addresses Counts VI, IX, XII, and XIII upon further briefing.

**SO ORDERED on October 5, 2021.**

s/Mark E. Walker             
**Chief United States District Judge**