IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EUGENIA WOODS,**

   *Plaintiff*,

v.                                Case No.: 4:19cv356-MW/MAF

**FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND
MOTOR VEHICLES, et al.,**

   *Defendants*.

_____/

## ORDER DENYING SUMMARY JUDGMENT AS TO COUNT XI

   This Court granted in part and denied in part Defendants' motions for summary judgment, ECF Nos. 80, 82 & 83, after a hearing on the motions on October 4, 2021. This Court withheld judgment as to Count XI, deliberate indifference, to give Defendant Corizon the opportunity to file a responsive briefing. Defendant Corizon has since filed a supplemental memorandum in support of its motion for summary judgment as to Count XI. ECF No. 104. Because there are genuine disputes as to material facts, the motion is **DENIED**.

   First, it is undisputed that Corizon can face liability under 42 U.S.C. section 1983 if an official policy of Corizon caused Plaintiff's alleged constitutional

1

deprivation. ECF 82 at 11; *Monell v. Dept. of Soc. Svcs*, 436 U.S. 658 (1978). Plaintiff may establish potential liability under section 1983 for a violation of her Fourteenth Amendment rights if she demonstrates that (1) Corizon's healthcare professionals were the final authority on policy; and (2) their actions could amount to deliberate indifference. *Howell v. Evans,* 922 F.2d 712, 724 (11th Cir 1991); *City of St. Louis v. Praprotnik*, 485 U.S. 112, (1988). As was addressed in the hearing, Corizon healthcare professionals were the final authority on policy. Therefore, Plaintiff need only demonstrate sufficient evidence to create a genuine dispute that Corizon employees were deliberately indifferent to Plaintiff's serious medical needs.

The Eleventh Circuit has held that a "few hours' delay in receiving medical care for emergency needs such as broken bones . . . may constitute deliberate indifference." *Harris v. Coweta Cty.*, 21 F.3d 388, 394 (11th Cir. 1994). Viewing the record in the light most favorable to Plaintiff, there is a genuine dispute that she had a serious medical need when she entered LCJ with a broken left arm. ECF Nos. 84-1 ¶ 15; 86-6, at 7; 86-12.

Further, there is evidence that Corizon's employees were deliberately indifferent to Plaintiff's broken arm in need of treatment. An official is deliberately indifferent when the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, (1994). Corizon nurses had multiple opportunities to observe the damage done to Plaintiff's arm. ECF No. 86-6 at 7 ("Is guarding left arm."); at 17 ("Shoulder Arm Bruising and Swelling," "States pain 10 on pain scale"). A nurse also said she believed Plaintiff's arm was broken. ECF No 84-1 ¶ 21; 85-1 at 292-94. Therefore, there is a genuine dispute of material fact whether Corizon's policy resulted in deliberate indifference to a serious medical need, a violation of the Fourteenth Amendment. Thus, summary judgment is **DENIED** as to Count XI.

Accordingly,

1. Summary judgment as to Count XI is **DENIED**.

2. All parties are directed to confer with each other and the Clerk to set this matter for trial.

**SO ORDERED on May 13, 2022.**

s/Mark E. Walker                    
**Chief United States District Judge**
